UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN CRAWFORD,

              Petitioner,                                    NOT FOR PUBLICATION
-v-                                                            **ORDER**
                                                                     09-CV-4527 (CBA)
WILLIAMS LEE, Superintendent,
Green Haven Correctional Facility,

              Respondent.
------------------------------------------------------------------x

AMON, United States District Judge:

      Petitioner John Crawford ("Crawford") filed a pro se petition for a federal writ of habeas corpus on October 12, 2009. On December 17, 2009, Crawford filed a pro se motion for a stay of his federal habeas proceeding, stating his intention to file a motion in state court challenging his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 in light of a recent Second Circuit decision, Georgison v. Donelli, 588 F.3d 145 (2d Cir. 2009). Crawford asserts that, in this state motion, he will raise a new claim that his trial counsel was ineffective for failing to investigate whether the inherently coercive atmosphere of Rikers Island affected the voluntariness of statements he made to authorities.

      In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court should only grant a petitioner's request to stay a federal habeas petition in "limited circumstances". The Court noted that "[s]tay and abeyance, if employed too frequently, has the potential to undermine [the] twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), namely, the objectives of "encouraging finality" and "streamlining federal habeas proceedings". Id. Because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Supreme Court held that stay and

abeyance of a mixed petition is only appropriate where there is "good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the prisoner has not engaged in "abusive litigation tactics or intentional delay". Id. at 277-78.

Liberally construing Crawford's pro se submission, as required, see Sharpe v. Conole, 386 F.3d 482,484 (2d Cir 2004), the Court finds that Crawford has not set forth "good cause" for his failure to exhaust all of his claims in state court prior to the filing of his federal habeas petition. Crawford asserts that he has not engaged in any "dilatory tactics to game the system" and argues that he cannot be faulted for his delay in exhausting his state claims because he had no legal basis to do so until the Second Circuit decided Georgison in December 2009. See Declaration of John Crawford ("Decl."), Docket Entry 4, at ¶¶ 5-8. In Georgison, the Second Circuit held that the state court did not unreasonably apply clearly established federal law when it found that an inmate in custody did not need to receive Miranda warnings where "there were no restrictions on [the inmate's] freedom over and above ordinary prison confinement," the inmate "agreed to be interviewed" and "the interview was conducted in the visiting room" where inmates ordinarily receive visitors. Georgison v. Donelli, 588 F.3d at 157-58 (quoting People v. Georgison, 299 A.D.2d 176, 750 N.Y.S.2d 18 (2002)). The Georgison court found that there was no clearly established per se rule requiring Miranda warnings for all questioning that occurs in a prison setting, 588 F.3d at 156, and cited to other Second Circuit cases for the proposition that "the mere fact of incarceration does not necessarily require that an individual be in the sort of custody that warrants Miranda warnings before an interview." Id. (citing United States v. Newton, 369 F.3d 659, 672 (2d Cir. 2004) (noting that incarceration in a prison does not "equate. . .with custody for purposes of Miranda"); United States v. Willoughby, 860 F.2d 15, 23 (2d Cir.

1988)). Accordingly, Crawford cannot rely on Georgison for his failure to exhaust this claim in state court prior to filing his federal habeas petition. Crawford has provided no explanation why he could not have collaterally challenged his judgment of conviction at either the same time that he challenged his conviction on direct appeal in the Appellate Division, or during the seven months that elapsed from the Court of Appeals' denial of Crawford's leave application on March 2, 2009 and his filing of a federal habeas petition on October 12, 2009. See People v. Crawford, 12 N.Y.3d 782, 798 N.Y.S.2d 730 (2005).

In any event, the record establishes that Crawford's unexhausted claim is plainly meritless. Whether or not the atmosphere of Rikers Island was "inherently coercive," the detectives who interviewed him advised Crawford of his Miranda warnings and Crawford waived his rights both orally and in writing. See 1/4/06 Hr'g Tr. at 29-35, 66.[1] The evidence presented at the suppression hearing established that Crawford knowingly, intelligently and voluntarily waived his Miranda rights before making any statements to the detectives. Id. at 31-35, 64-66; People's Exhibit 5; People's Trial Exhibit 62A at 1-3. Where a suspect knowingly and intelligently waives his Miranda rights, any subsequent statements are voluntary regardless of the inherently coercive effect of custody. New York v. Quarles, 467 U.S. 649, 654 (1984); Miranda v. Arizona, 384 U.S. 436 (1966).

---

[1] "1/4/06 Hr'g Tr." refers to the transcript of Crawford's pretrial suppression hearing dated January 4, 2006.

Accordingly, because Crawford has not set forth good cause and because his new claim is plainly meritless, Crawford's motion for a stay of his federal habeas proceeding is denied. The Court reserves decision on Crawford's original petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Dated: Brooklyn, New York
       March 15, 2010

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge