UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN CRAWFORD,

                Petitioner,

- against -

WILLIAMS LEE, Superintendent, Green Haven
Correctional Facility,

                Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-cv-04527 (CBA)



**AMON, Chief United States District Judge:**

On October 13, 2009, John Crawford filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, which this Court denied in a February 25, 2013 memorandum and order. Crawford thereafter sought and was granted a thirty day extension to file a notice of appeal. On April 22, 2013, Crawford filed both a notice of appeal and a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). The Court denied the motion for reconsideration on July 3, 2013, finding it untimely pursuant to Rule 59(e) and beyond the scope of Rule 60(b). Crawford subsequently appealed that order as well. The Second Circuit denied Crawford's application for a Certificate of Appealability with regard to the denial of his habeas petition on July 23, 2013, and issued a mandate to that effect on August 27, 2013. Similarly, the Second Circuit denied a Certificate of Appealability with regard to the denial of his Rule 59(e) motion on March 13, 2014, and issued its mandate on April 17, 2014.[1]

On January 10, 2014, Crawford filed this motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b) & (d). In this motion, Crawford raises three arguments. First, he argues that the government committed fraud on the court by misrepresenting the circumstances surrounding his

---

[1] The March 13, 2014 order also dismissed a third appeal Crawford filed following a January 30, 2014 order of this Court declining to issue a Certificate of Appealability with regard to the denial of Crawford's Rule 59(e) motion.

1

waiver of his Miranda rights and his subsequent confession. Specifically, he argues that logbooks from Rikers Island show that he was transported to meet with the investigator who interrogated him at 5:54 PM, undermining the investigator's testimony that he gave Crawford the Miranda warnings at 5:00 PM. Second, he argues that the Supreme Court's decision in Howes v. Fields, 132 S. Ct. 1181 (2012) – which held that there is no categorical rule that a prisoner who "is isolated from the general prison population and questioned about conduct outside the prison" is in custody for purposes of Miranda, see Howes, 132 S. Ct. at 1188-89 - rendered his confession inadmissible. Finally, he argues that his trial counsel was constitutionally ineffective in failing to appreciate that Crawford had dyslexia and for failing to argue for the suppression of his confession due to the circumstances surrounding it.

Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). As this Court noted in its order denying Crawford's prior motion for reconsideration, a Rule 60(b) motion brought in a habeas case sometimes may be considered a second or successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). Such a motion will be treated as a successive habeas petition if it asserts a "federal basis for relief from a state court's judgment of

2

conviction." Id. at 530. This includes where the motion "seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits." Id. at 532 (emphasis in original). On the other hand, a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" may proceed as denominated. Id.

Each of three bases for relief that Crawford raises in his Rule 60 motion is an entirely new federal challenge to the state court's judgment of conviction. He seeks to vacate the judgment based on newly discovered evidence that he believes demonstrates inconsistencies in the testimony of a key witness, based on an alleged change in the law that he believes renders his confession inadmissible, and based on his trial counsel's alleged ineffectiveness. Not one of those bases relates to a "defect in the integrity of the federal habeas proceeding[]," Gonzalez, 545 U.S. at 532; rather, his motion is an attempt to add three entirely new federal claims to his habeas petition. Crawford's Rule 60 motion is therefore a second or successive habeas petition.[2]

Crawford attempts to avoid this conclusion with regard to his first claim – regarding the allegedly newly discovered evidence of Rikers Island logbooks – by describing it in terms of "fraud" on the court. Although a claim of fraudulent conduct before a federal habeas court brought in a Rule 60 motion would not be deemed a second or successive habeas petition, Crawford's claim of "fraud" is based on the government's alleged suppression of the logbooks

---

[2] Crawford argues that the 60(b) motion should not be considered a second or successive petition because his appeal from the denial of his habeas petition was not final at the time the motion was filed. Although Crawford is correct that a subsequent habeas petition cannot be considered a second or successive petition "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed," Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005), the denial of his habeas petition was already final when he filed this motion. The Second Circuit denied Crawford's application for a Certificate of Appealability on July 23, 2013, and the time period during which he could petition for certiorari to the Supreme Court expired ninety days later, on October 21, 2013. Crawford did not file this motion until January 10, 2014. As such, the denial of his habeas petition was final, and any subsequent petition is properly considered second or successive.

3

during the state court proceedings, not during this federal habeas proceeding.[3] Thus, the assertion of fraud is unrelated to the integrity of the federal habeas proceeding, and does not render his claim proper for a Rule 60(b) motion.[4]

As this Court noted in its order denying Crawford's first motion for relief from the judgment, although second or successive petitions for habeas corpus relief should typically be transferred to the Court of Appeals when incorrectly filed in a district court, the Second Circuit has also cautioned district courts against recharacterizing Rule 60(b) motions as new collateral attacks and transferring them to the Second Circuit without informing the prisoner of the district court's intent to do so, see Gitten v. United States, 311 F.3d 529, 533-34 (2d Cir. 2002). That rule exists to avoid potential unfairness to a petitioner, as a motion converted to an application to file a second or successive petition will be "tested against the strict gate-keeping standards [of 28 U.S.C. § 2244] before [the prisoner] has framed his allegedly new challenges in a way that presents his best chance of meeting those standards" and may be subject to denial on the ground of "abuse of the writ." Id. at 533. Instead, in such circumstances, a district court may simply deny the motion as "beyond the scope of Rule 60(b)," id. at 534, as this Court did with Crawford's first such motion.

Although this Court previously warned Crawford that it would treat any future motions seeking to add ineffective assistance of counsel claims as second or successive petitions and

---

[3] In fact, an attachment to Crawford's reply declaration in support of his federal habeas petition demonstrates that he received the Rikers Island logbook in July 2009, prior to the filing of his habeas petition. (See Docket Entry 8 at 9-11.)

[4] To the extent Crawford's motion is brought pursuant to Fed. R. Civ. P. 60(d), which allows a court to, inter alia, "entertain an independent action to relieve a party from a judgment" or to "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d), it is likewise denied as beyond the scope of Rule 60, see Salazar-Espinoza v. United States, No. 11 Civ. 0247, 2012 WL 1788145, at *1 (S.D.N.Y. May 15, 2012) (finding that the law governing Rule 60(b) motions in habeas proceedings also applies to Rule 60(d)); see also Espinal v. United States, No. 11-CV-0163, 2012 WL 372014, at *1-*2 (E.D.N.Y. Feb. 3, 2012) (finding claims brought pursuant to Rules 60(b) and 60(d) improper second or successive petitions); Marmolejas v. United States, Nos. 05 Civ. 10693, 99 Cr. 1048, 2010 WL 3452386, at *4 & n.5 (S.D.N.Y. Sept. 2, 2010) (same).

4

transfer them to the Second Circuit, it will instead deny this motion as beyond the scope of Rule 60(b). Crawford explicitly requested that the motion not be construed as a second or successive petition, apparently under the belief that his initial habeas petition was not yet final. Because it is conceivable that, if Crawford were to deliberately seek leave to file a second or successive petition, he might frame his challenges differently, denying the motion as beyond the scope of Rule 60(b) will avoid any potential unfairness. The Court puts Crawford on notice, however, that any subsequent motion attempting to bring new federal challenges to his state conviction will be treated as a second or successive petition and transferred to the Court of Appeals.

Accordingly, Crawford's motion is denied as beyond the scope of Rule 60(b). Since Crawford has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c).

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2014

/s/ USDJ AMON
Carol Bagley Amon
Chief United States District Judge